SHAD AND SHAD, ADM'RS. NORTON, VS. WILSON FULLER, DEF'T.

*Motion to dissolve injunction.*

Upon the death of one member of a firm, the representatives of deceased partner, become tenants in common with the survivor, and are entitled to an account.

But the survivor is alone responsible *at law,* for the joint debts, and therefore the right to the possession and disposition of the joint effects remains with him.

An injunction will not be granted at the instance of representatives of deceased partner, to restrain survivor from selling joint effects at public sale, where there is no charge of fraud, insolvency, or misconduct, alleged against such survivor, and where there is no proof that the account has been withheld for an unreasonable time.

There can be no objection to a *public* sale of the joint effects, made after public notice, and at a proper time and place.

### By ROBERT M. CHARLTON, Judge.

THE bill charges, that defendant and complainants' intestate were co-partners, during the life-time of intestate, in a large dry good store in Savannah, under the firm of *Norton & Fuller ;* that intestate died sometime in the month of ———, 1836, without a will ; that complainants having been appointed administrators on his estate, applied to defendant for an account of the said co-partnership affairs, as they stood at the death of their intestate, and what had been done since ; that defendant had refused to account, and threatens to sell, and has advertised for sale, at public auction, the whole of the remaining goods and effects belonging to said firm, without the consent of complainants, and to the great injury of the estate of intestate.    The bill prays for an account, an injunction to restrain such public sale, and for general relief.    The application having been presented to me on the 11th January, and the sale being advertised for the 12th, in conformity with the precedents established by some of my predecessors, to grant an injunction in the first instance, where the danger was imminent and irremediable, I ordered the writ of injunction to issue, to restrain the defendant from selling the co-partnership effects, except at retail,

[Shad and Shad, adm'rs. Norton vs. Fuller.]

and in the ordinary course of business, until further order—leaving it to the defendant to move, at any time, for the dissolution of the injunction, which motion he now makes.

It is true, that although upon the death of one member of the firm. the co-partnership may be said to be dissolved, yet that it remains for certain purposes, and that the representatives of the deceased partner are tenants in common with the survivor, and entitled to an account. As such survivor, however, is alone responsible *at law*, for the joint debts, the right to the possession and disposition of the joint effects remains with him, and upon him devolves the duty of winding up the concern. This right has never been denied to him, unless the articles of copartneship have provided for the contingency of death, or fraud, misconduct or insolvency are charged against him. No such allegations are made by the bill, but the application is grounded on the denial of the account, and the intention of defendant, made manifest by his advertisement, to sell the joint effects at public auction.

In reference to the first, I have only to say, that no case has been presented to me, where an injunction has been granted, upon the sole ground of a refusal to account with representatives of a deceased co-partner, unaccompanied with any charge of fraud, insolvency, misconduct, &c.; and apart from authority, I am not disposed to grant an injunction on such an allegation, unless it was also shown to me, that the defendant had withheld such accounts for an unreasonable time, which, connected with other circustances, might be evidence of misconduct or fraud. As this bill does not state the time of the death of complainants' intestate, but only that he died during the year that has just passed, I am unable to say whether the account has been wit' held for such an unreasonable time, as would *per se*, authorise an injunction.

But it is urged by the solicitors for complainants, that as no account has been exhibited by the defendant, nor answer filed by

[Shad and Shad, adm'rs. Norton vs. Fuller.]

him, that the facts of this case are to be ascertained by reference to the bill alone; that there is no proof of joint debts, and that the right of surviving co-partner to sell the joint effects, is founded upon his legal liability to respond to the joint debts; that the existence of the necessity must precede the exercise of the right; and that if there are no debts, then the reason of the rule ceases; the surviving co-partner has no power to sell against the consent of the other tenants in common, (the representatives of deceased partner,) and that the latter may have partition in kind, if they prefer it; and that when it is said in the books, that a sale is the proper method of winding up the affairs of the co-partnership, a "judicial" sale is meant: a sale made by the direction of a Court of Chancery, and under the supervision of its officers. I have given to these arguments the reflection to which they were entitled, from the ability with which they were urged, but they have failed to convince me, that they are sufficient to authorise me in upholding this injunction. Looking to the bill alone, I cannot see that the defendant is doing, or about to do, that which he ought not to do. Conceding that there are no joint debts, yet it seems to me, that a public sale of the joint effects, made after proper notice, at a time when, and a place where, all the buyers in market may be present, and conducted by one, in whom the intestate, in his life-time, reposed confidence—who is jointly interested in the subject matter of the sale, and against whom no charge of fraud, nor suspicion of insolvency is alleged—it seems to me, that such a sale would be a much more fair and accurate method of ascertaining and dividing the value of the joint effects, than any division "in kind" which could be made, however skilful the partitioners might be. It is the method pointed out by law, for all sales on execution, &c. and it is the mode that would have to be pursued, if a sale should be ordered by this Court, as prayed for by the bill; and it is the course which the complainants must themselves adopt, if they should receive their intestate's share in kind.

[Shad and Shad, adm'rs. Norton vs. Fuller.]

I have no disposition to avoid the decision of the other point raised by the counsel for the defendant, viz. that *no injunction* can issue under our statutes, unless bond and security be given. I have, however, reason to believe, that this point has been determined by the Judges in Convention, and as it becomes unnecessary to make any decision upon it in this case, and as it is represented that it is material to the interests of defendant that the issue of this application should be made known at as early a day as possible, I have not thought it necessary to withhold my decision, until the opinion I have adverted to could be procured—and I have not thought it advisable to determine it, until such opinion could be ascertained.

It is therefore *ordered*, that the injunction granted in this cause be dissolved.

McALLISTER & HENRY, for motion—BERRIEN & LAW, contra.